FILED

**February 4, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| JOHN D. LOCKRIDGE, | ) | KNOX CHANCERY |
| | ) | C.A. NO. 03A01-9709-CH-00392 |
| Plaintiff-Appellant | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| vs. | ) | HON. JOHN A. TURNBULL |
| | ) | CHANCELLOR |
| | ) | SITTING BY DESIGNATION |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| MARY JANET WISE LOCKRIDGE, | ) | AFFIRMED IN PART, REVERSED |
| | ) | IN PART AND REMANDED |
| Defendant-Appellee. | ) | |

ROBERT L. CROSSLEY, Long, Ragsdale & Waters, P.C., Knoxville, for Appellant.

DORIS C. ALLEN, Bernstein, Stair & McAdams, Knoxville, for Appellee.

O P I N I O N

McMurray, J.

In this post-divorce case, John D. Lockridge (husband) appeals the trial court's judgment ordering him to pay $16,021.70 in educational expenses incurred by his former wife, Janet Wise

Lockridge (wife), pursuant to a contractual agreement between them made shortly before the divorce. The husband also appeals the trial court's award of attorney's fees to the wife in the amount of $20,552.57. We affirm the trial court's judgment in part and reverse in part.

The parties were granted a divorce on August 30, 1993. The final judgment for divorce incorporated the parties' marital dissolution agreement (MDA), which determined the division of marital property, alimony and child custody issues. Regarding child custody, the MDA provides:

> The parties shall have joint custody of the two minor children of the parties and they, by agreement, fix as the residential custodian the Husband for the school years of 1993-94, 1994-95. The Wife shall be attending the University of Vanderbilt during that period of time and no child support shall be paid to the husband ... . Visitations with the Wife shall be done by agreement and shall be done cooperatively between the Husband and Wife. It is hereby referenced that the parties have been separated since September 28, 1992 and all visitations have been done by agreement and the parties have shared equal time to the present without incident.

The MDA does not state which party is to be the primary residential custodian after the school year 1994-95, nor does it determine visitation rights after that time.

On July 21, 1995, shortly after the end of the 1994-95 school year, the husband filed a petition seeking an injunction prohibiting the wife "from interfering with the residential custody of

[husband] on a temporary basis," and requesting that he "be made the permanent residential custodian until further Order of the Court." The filing of that petition was the genesis of the present action and controversy. The Chancellor granted the injunction ex parte.[1]

On September 14, 1995, the wife filed a motion to dissolve the ex parte injunction and set an interim visitation schedule for the parties with their two minor daughters. On November 16, 1995, the wife filed a petition for an order requiring the husband to pay her educational expenses at Vanderbilt, based on an agreement between the parties dated August 11, 1993. That agreement, which was styled "Contract" and signed by the husband, provides as follows:

> I, the undersigned, do promise to do the following with regard to college expenses for Janet W. Lockridge:
>
> The Husband shall pay the costs of tuition and books and incidental fees at Vanderbilt University for a period of six (6) consecutive semesters beginning with the Fall semester of 1993. The Wife shall apply for all scholarships, grants and other sources of revenue which do not have to be repaid in order to defray the costs of these expenses. The Wife pledges to exhaust every effort in connection with the defrayal of these costs and in this connection it is referenced that she has received a $7,400 scholarship for the year 1993 and 1994 with the possibility that she can earn additional scholarships over the six semesters. . .The Wife shall furnish whatever printouts showing credits and amounts due upon request by the Husband. This obligation shall cease at the end of the sixth semester, or upon the remarriage of the Wife, the death of the Wife, or her resignation or withdrawal as a student from Vanderbilt University.

---

[1]Thereafter, the chancellor sua sponte recused himself and the Honorable John A. Turnbull was designated to hear the remainder of the case.

This agreement was not a part of the MDA and was not incorporated into the final judgment for divorce.

On November 28, 1995, the wife filed a petition for contempt alleging that the husband was in willful violation of a provision of the MDA requiring him to maintain certain levels of life insurance.

On January 16, 1996, the husband filed a petition for child support and a "motion for recovery of alimony" which alleged that the wife had been living with her boyfriend since August 1, 1993, and arguing that he was entitled to recovery of the alimony he had paid during that time.

After a hearing on February 16, 1996, the trial court issued an order dissolving the ex parte injunction by agreement and setting an interim schedule of visitation for the wife.

On February 29, 1996, the wife filed an answer to the husband's petition for child support, and a counter-petition alleging that it would be in the minor childrens' best interest for her to be the residential custodian, and requesting residential custody.

On May 1, 1996, the court entered an agreed order which reflected that the parties had resolved, by agreement, the matters

4

in controversy respecting custody and visitation.  Also on May 1, a hearing was held regarding the unresolved issues except for the matter of attorney's fees.

At the hearing, the husband argued that the wife had not applied for all the scholarships available to her and had not otherwise "exhaust[ed] every effort in connection with the defrayal of [educational expense]," and she had, therefore, not complied with a condition precedent in the contract, thereby relieving him of his obligation to pay her educational expenses.  He also argued that she had de facto withdrawn from the university because she received two "incomplete" grades in her final semester.

The wife testified that she had in fact applied for all scholarships available in her field.  The trial court, specifically accredited her testimony and found that the wife had satisfied the agreement's requirement and that she had exhausted every effort to defray her educational expenses.  The court also found that receiving two "incompletes," which were later made up and changed to regular course grades, did not constitute a withdrawal from the university within the contemplation of the contract. Regarding the husband's motion for recovery of alimony, the court held it was not well-grounded in either law or fact.  Recovery was denied.

The husband's first issue is "did the trial court err in awarding a money judgment to the wife on her contract claim for

5

educational expenses when her proof failed to show satisfaction of certain conditions precedent?"  As noted above, the trial court accredited the wife's testimony that she had applied for every available scholarship. "On an issue which hinges on witness credibility, [the trial court] will not be reversed unless, other than the oral testimony of the witnesses, there is found in the record clear, concrete and convincing evidence to the contrary." Tennessee Valley Kaolin v. Perry,, 490 (Tenn. App. 1974).  We defer to the trial court's determination of credibility and find that the evidence clearly does not preponderate against such a finding. Additionally, the husband offered no proof of the existence of a scholarship, or other means to defray educational costs, available to the wife for which she did not apply.  We find no merit in the appellant's first issue.

The husband next charges that the court erred in awarding attorney's fees to the wife, and also that the fees prayed for and awarded were excessive under the circumstances.  He argues that there is no proper legal basis for awarding attorney's fees in this case.

In this regard, the following applicable sections of the Tennessee Code Annotated provide:

**36-5-101. Decree for support of spouse and children — Modification — Delinquencies.**

\* \* \*

6

(I) The court may, in its discretion, at any time pending the suit, upon motion and after notice and hearing, make any order that may be proper to compel a spouse to pay any sums necessary for the support and maintenance of the other spouse and to enable such spouse to prosecute or defend the suit and to provide for the custody and support of the minor children of the parties during the pendency of the suit, and to make other orders as it deems appropriate. Spousal support may include expenses of job training and education. In making any order under this subsection, the court shall consider the financial needs of each spouse and the children, and the financial ability of each spouse to meet those needs and to prosecute or defend the suit.

**36-5-103. Enforcement of decree for alimony and support.**

\*      \*      \*

(c) The plaintiff spouse may recover from the defendant spouse, and the spouse or other person to whom the custody of the child, or children, is awarded may recover from the other spouse reasonable attorney fees incurred in enforcing any decree for alimony and/or child support, or in regard to any suit or action concerning the adjudication of the custody or the change of custody of any child, or children, of the parties, both upon the original divorce hearing and at any subsequent hearing, which fees may be fixed and allowed by the court, before whom such action or proceeding is pending, in the discretion of such court.

Clearly the above statutes provide authority for an award of attorney's fees with respect to all of the matters in controversy except the educational expense agreement issue since they all involve either custody and visitation issues, child support, alimony, or the enforcement of the parties' MDA. Consequently, we hold the trial court had a proper legal basis for awarding attorney's fees for work performed regarding these issues.

As to the propriety of the fee award, the trial court found that all of the work performed was reasonable and necessary to

7

properly address the multiple issues of the case. "The trial court is vested with discretion in matters of the allowance of attorney's fees, and this Court will not interfere except upon a showing of an abuse of that discretion." Threadgill v. Threadgill, 740 S.W.2d 419, 426 (Tenn. App. 1987); Kincaid v. Kincaid, 912 S.W.2d 140, 144 (Tenn. App. 1995). The court also made a specific finding of financial need on the wife's part, and an ability to pay on the part of the husband. We find no abuse of discretion, and that the evidence does not preponderate against the award of attorney's fees attributable to custody and visitation issues, child support, alimony, or the enforcement of the parties' MDA.

The issue of whether the award of fees for work done on the issue of the wife's recovery of her educational expenses under the parties' agreement presents another question. The husband cites the well-established rule that "[g]enerally, attorney's fees are not recoverable in the absence of a statute or contract specifically providing for such recovery." Kultura, Inc. v. Southern Leasing Corp., 923 S.W.2d 536, 540 (Tenn. 1996); Ezell v. Graves, 807 S.W.2d 700 (Tenn. App. 1990). State ex rel. Orr v. Thomas, 585 S.W.2d 606, 607 (Tenn. 1979); Carter v. Virginia Sur. Co., 216 S.W.2d 324, 328 (Tenn. 1948).

We are of the opinion that under this general rule, attorney's fees should not have been awarded for services rendered on the educational expense issue. In Penland v. Penland, 521 S.W.2d 222

8

(Tenn. 1975), a case somewhat similar to the present one, the appellant wife sought to enforce the provision of the parties' agreement incorporated into the divorce decree which stated: "[t]he husband shall assume liability for all future educational expenses of the children beyond high school level." Id. at 223. The husband argued that no legal obligation existed for the support of a child after age eighteen, and that he was not obliged to pay for his children's post high school education. Id.

The Supreme Court found that the provision at issue was "a contractual obligation outside the scope of the legal duty of support during minority, and retained its contractual nature, although incorporated in the final decree of divorce" and, therefore, that it was enforceable. Id. at 224-5. The court then held, "[h]aving determined that the obligation is contractual and not a statutory duty of child support, it follows that no attorney fees can be awarded." Id.

In the case at bar, the self-styled "contract" was executed separately from the MDA and was not incorporated into the final judgment for divorce. Thus, we are of the opinion that the husband's obligation to pay the wife's educational expenses was contractual in nature, and since no provision for attorney's fees was included in the agreement, attorney's fees cannot be awarded to the wife under these circumstances.

9

The judgment of the trial court awarding attorney's fees for work performed regarding the wife's recovery of her educational expenses under the contract is reversed and vacated. The court's judgment in all other respects is affirmed, and this case is remanded to the trial court for a recalculation of attorney's fees in a manner consistent with this opinion. Costs on appeal are assessed to the appellant.

_____
Don T. McMurray, Judge

CONCUR:


_____
Herschel P. Franks, Judge


_____
William H. Inman, Senior Judge

IN THE COURT OF APPEALS
AT KNOXVILLE

JOHN D. LOCKRIDGE,           )     KNOX CHANCERY
                             )     C.A. NO. 03A01-9709-CH-00392
        Plaintiff-Appellant  )
                             )
                             )
                             )
                             )
                             )
vs.                          )     HON. JOHN A. TURNBULL
                             )     CHANCELLOR
                             )     SITTING BY DESIGNATION
                             )
                             )
                             )
                             )
MARY JANET WISE LOCKRIDGE,    )     AFFIRMED IN PART, REVERSED
                             )     IN PART AND REMANDED
        Defendant-Appellee.  )

**<u>JUDGMENT</u>**

This appeal came on to be heard upon the record from the Chancery Court of Knox County, briefs and argument of counsel. Upon consideration thereof, this Court is of opinion that there was some reversible error in the trial court.

The judgment of the trial court awarding attorney's fees for work performed regarding the wife's recovery of her educational expenses under the contract is reversed and vacated. The court's judgment in all other respects is affirmed, and this case is remanded to the trial court for a recalculation of attorney's fees

in a manner consistent with this opinion.  Costs on appeal are assessed to the appellant.

PER CURIAM